IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Preston,   #264331, ) | |
| ) | Civil Action No. 3:07-3224-HFF-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Warden Lee Correctional Institution, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |
| ) | |

    Petitioner, Michael Preston ("Preston"), is an inmate at the South Carolina Department of Corrections serving a sentence of twenty-one years imprisonment for voluntary manslaughter. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on February 8, 2008. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on February 14, 2008, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on March 3, 2008.

**Background and Procedural History**

    On the night of June 15, 1999, Preston, L.C. Mitchell, and others were drinking and conversing in the back yard of Todd Guinyard in Orangeburg County. Preston had a firearm and Mitchell had a bat. The talk turned to a previous altercation between Preston and Mitchell. Preston shot and killed Mitchell. Preston was arrested and charged with murder.

Preston's trial began on January 31, 2000. He was represented by Richard Gustafson, Esquire. Preston testified that he shot Mitchell in self-defense. The trial court instructed the jury that it could find Preston guilty of murder, guilty of voluntary manslaughter, or not guilty by reason of self-defense. Preston was found guilty of voluntary manslaughter.

Preston was represented on direct appeal by the South Carolina Office of Appellate Defense. An Anders[1] brief was filed raising the following issue:

> Whether the trial court erred in submitting the lesser included offense of voluntary manslaughter when there was no evidence to warrant the charge?

(App. 350). Pursuant to Anders procedure, Preston filed a pro se brief raising the following issues:

1. Whether the tricl [sic] court erred in not excusing for cause members of the voir dire jury selection panel who had been victims of violent crimes?

2. Whether trial counsel denied Appellant due process of law when he failed object to solicitor's asking leading questions?

3. Whether trial court erred in overruling defendant's objection to layman giving expert testimony where witness had not been qualified as an expert witness?

4. Whether the trial court erred in overruling trial counsel's objections to solicitor asking the same question repeatedly and State witness's repitious [sic] answers?

5. Whether trial court erred in overruling trial counsel's objections to solicitor asking State witness questions that called for speculation and went to defendant's state of mind?

6. Whether trial court erred in accepting Dr. Inas Yacoub as an expert witness where trial counsel had not been provided with her curriculum vitae which trial counsel needed to cross examine to determine whether trial counsel found her to be an expert witness?

---

[1] Anders v. California, 386 U.S. 738 (1967).

>    7.  Whether trial court erred in denying defendant a directed verdict of not guilty, where the State had not proved all the elements of murder?
>
>    8.  Whether trial court erred in to [sic] issuing a verdict of not guilty on its own motion, not withstanding the verdict where the state had failed to prove its elements of malice and intent as required for a conviction or murder?
>
>    9.  Whether the trial court erred in overruling trial counsel's objection to entering into evidence State's Exhibit No. 1 (photograph of the crime scene) and not suppressing the photograph?

(App. 365).[2]

The appeal was dismissed by the South Carolina Court of Appeals. See State v. Preston, Op. No. 2001-UP-238 (S.C.Ct. App. filed April 24, 2001) (unpublished).[3] Preston filed a petition for rehearing, a petition for writ of certiorari to the South Carolina Supreme Court, and finally a petition for writ of certiorari in the United States Supreme Court. All were denied. (Res. Mem., Ex. 2-12).

On September 13, 2002, Preston filed an application for post-conviction relief ("PCR") (App. 386). An evidentiary hearing was held on April 29, 2004. Preston was represented by Carl Grant, Esquire. (App. 424). On June 30, 2004, the PCR court issued a written order of dismissal. (App. 477). A Johnson[4] petition was filed on Preston's behalf raising the following issue:

> Did the presiding post-conviction relief judge err in not granting the petitioner's application for post-conviction relief for ineffective assistance of trial counsel for seeking a charge of voluntary manslaughter without consulting petitioner about the decision?

(Res. Mem., Ex. 13). Preston did not file a pro se brief. The South Carolina Supreme Court transferred the matter to the South Carolina Court of Appeals. (Res. Mem., Ex. 14). The petition

---

[2] Exhibit 1 to respondent's return is the appendix filed in connection with Preston's appeal from denial of his application for post-conviction relief. It is referred to herein as "App. ___."

[3] See also App. 384.

[4] Johnson v. State, 294 S.C. 310, 364 S.E.2d 2001 (1988).

3

for writ of certiorari was denied on March 26, 2007. (Res. Mem., Ex. 15). The Remittitur was returned on April 16, 2007.

## Grounds for Relief

In his present petition, Preston asserts that he is entitled to a writ of habeas corpus on the following grounds:

> Ground one:   The trial court submitted the lesser included offense of voluntary manslaughter to the jury.
>
> Supporting facts:  Of the three charges submitted to the jury; Murder, Voluntary Manslaughter, and self-defense.  There is error because the appropriate term involuntary Manslaughter should also have been used.  A conviction may be had for involuntary Manslaughter under an indictment for Murder in the usual form State v. Whtie (S.C. 1969) 171 S.E.2d 712.  The exclusion of involuntary Manslaughter as opposed to voluntary Manslaughter, limited the jury.
>
> Ground two:   Ineffective Assistance of Counsel
>
> Supporting facts: Counsel failed to provide the assistance of counsel as presumed from competent Attorneys by allowing his client to be convicted of Voluntary Manslaughter, where the existence of involuntary Manslaughter had been had to ensure his right to survival.  Though other points, such as failure to investigate, and authorization of expert witness, this ommission [sic] of the additional jury charge prejudiced defendant's chances of a less severe sentence.
>
> Ground three: Ineffective Assistance of Appellate Counsel.
>
> Supporting facts: Appellate counsel failed to present meritable issues to the Court of Appeals, But chose to file an Anders v. California brief instead.

## Discussion

1.      Jury Instruction for Voluntary Manslaughter and Not for Involuntary Manslaughter

Respondent notes that Ground 1 of the present petition is unclear.  In his statement of the issue, Preston asserts that the trial court erred in submitting a possible verdict of voluntary

manslaughter to the jury.[5]  However, in the supporting facts Preston argues that involuntary manslaughter should also have been submitted as a possible verdict.  This issue was not raised on direct appeal, through the PCR process, or on appeal from denial of the PCR.  As with the issue of the propriety of submitting voluntary manslaughter to the jury, the issue of whether involuntary manslaughter should likewise have been submitted in a matter of state law.

"Under 28 U.S.C. § 2241, a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law."  Pulley v. Harris, 465 U.S. 37 (1984) and Lewis v. Jeffers, 497 U.S. 764 (1990).  "Because federal habeas corpus relief does not lie for errors of state law . . ., federal habeas review of a state court's application of [state law] is limited."  Preston cannot point to any specific constitutional protection which was denied him, or show that the error in state law substantially impaired his trial's fairness or resulted in a complete miscarriage of justice, therefore relief is unavailable, Chance v. Garrison, 537 F.2d 1212 (4th Cir. 1976), citing Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).

    2.        Ineffective Assistance of Trial Counsel

Preston asserts that his trial attorney was ineffective for failing to seek a jury instruction on involuntary manslaughter[6] and a possible verdict for that offense.[7]  At one point during the PCR hearing, counsel was asked about a strategy of not seeking a charge of voluntary

---

[5]This issue was presented to the South Carolina Court of Appeals on direct appeal in Preston's Ander's brief.  It was rejected as a matter of state law.

[6]Under South Carolina law, involuntary manslaughter is the unintentional killing of another without malice and while engaged in either: (1) an unlawful act not amounting to a felony and not naturally tending to cause death or great bodily harm; or (2) a lawful act with reckless disregard for the safety of others.  State v. Reese, 370 S.C. 31, 633 S.E.2d 898 (2006).

[7]This issue was never raised in the state courts.  It is procedurally barred.  Smith v. Murray, 477 U.S. 527 (1986).

manslaughter, but giving the jury the limited choices or murder or not guilty by reason of self-defense. Counsel testified that he discussed the issue with Preston and it was decided to also seek a jury instruction on voluntary manslaughter. In this context, counsel testified, "I remember attempting to try and get a charge for involuntary, as well." (App. 456). Apparently, Preston noticed this testimony for the first time after denial of his PCR and included this ground in his present petition  Even if this claim were properly before this court, Preston would not be entitled to relief.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

\* \* \*

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance. (Emphasis added).

<u>Strickland</u> at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the <u>Strickland</u> test. See <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Under South Carolina law "(t)he trial court is required to charge a jury on a lesser-included offense if there is any evidence from which it could be inferred the lesser, rather than the greater, offense was committed. However, the trial should refuse to charge on a lesser-included offense where there is no evidence that the defendant committed the lesser rather than the greater offense." <u>Suber v. State</u>, 371 S.C. 554, 558, 640 S.E.2d 884, 886 (S.C. 2007) (internal quotation marks and citations omitted). The South Carolina Supreme Court recently held that "a self defense charge and an involuntary manslaughter charge are not mutually exclusive, as long as there is evidence to support both charges." <u>State v. Mekler</u>, ___ S.E.2d ___, 2008 WL 2715956, *2 (S.C. 2008). <u>See also</u>, <u>State v. Light</u>, ___S.E.2d ___, 2008 WL 2715948 (S.C. 2008).

Review of the trial transcript shows that there was no evidence to support a charge of involuntary manslaughter. At trial, Preston testified that he killed Mitchell in self-defense. There

was no testimony or evidence that the shooting was an accident. Therefore, Preston could not show error in failing to seek an instruction on involuntary manslaughter.

3.      Ineffective Assistance of Appellate Counsel

Preston asserts that his attorney on direct appeal was ineffective because he filed an Anders brief instead of briefing meritorious issues. This claim was raised and rule on by the PCR court. The PCR court held:

> Applicant alleges he received ineffective assistance of appellate counsel because counsel failed to raise numerous issues as error on appeal. Applicant's claim is without merit. Appellate counsel is not required to raise every conceivable issue on direct appeal but rather has a professional duty to choose among potential issues according to their merit and his tactical approach. Jones v. Barnes, 463 U.S. 745 (1983). Applicant's appellate attorney submitted a brief to the South Carolina Court of Appeals pursuant to Anders v. California, 386 U.S. 738 (1967) (See Final Anders Brief of Appellant). When a brief is submitted pursuant to Anders v. California, the appellate court conducts a review fo the entire record for meritorious issues. If meritorious issues were suspected, the appellate court will direct the parties to brief the issues and proceed with appeal. Anders v. California, 386 U.S. at 738; State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991).
>
> The record before this court indicates appellate counsel raised as error on appeal the trial court submitting the lesser included offense of voluntary manslaughter to the jury. The South Carolina Court of Appeals reviewed the record in Applicant's appeal, determine no issues or reversible error existed, and dismissed the appeal. See State v. Michael Preston, 2001-UP-238 (S.C.Ct.App. filed April 24, 2001). applicant's petition for rehearing and the petitions for writ of certiorari submitted to the South Carolina Supreme Court and the United States Supreme Court were denied. Applicant cannot establish ineffective assistance of appellate counsel because the Court of Appeals considered all preserved issues in the record and did not determine any of the issues Applicant claims should have been raised to be meritorious for appeal. Accordingly, the allegation respecting ineffective assistance of appellate counsel is denied and dismissed as lacking merit.

(App. 482-83).

After denial of the PCR, appellate counsel filed a <u>Johnson</u> petition for writ of certiorari[8] with the South Carolina Supreme Court. In <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988), the South Carolina Supreme Court adopted a procedure for appeal where appellate counsel concludes that the PCR applicant has no meritorious grounds to present. Counsel is required to file the <u>Johnson</u> petition raising any issue which is arguably appealable and requesting leave to withdraw as attorney for the petitioner on appeal. A copy of the brief is furnished to the applicant and he is notified that he has a specific period of time to furnish further information to the Supreme Court for consideration in making a determination as to the <u>Johnson</u> petition. The applicant may file a pro se brief raising additional issues. <u>Foster v. State</u>, 298 S.C. 306, 379 S.E.2d 907 (1989). In ruling on a <u>Johnson</u> petition for writ of certiorari, the South Carolina Supreme Court necessarily considers the issue or issues raised in the <u>Johnson</u> petition and any issues raised by the applicant in his pro se brief. Further, the South Carolina Supreme Court conducts a review of the record when a <u>Johnson</u> petition is filed. <u>King v. State</u>, 308 S.C. 348, 417 S.E.2d 868 (1992). In so doing, the South Carolina Supreme Court will only consider those issues raised by the PCR application upon which evidence was presented **and** were ruled on by the PCR court. The South Carolina Supreme Court applies a procedural bar to issues which do not meet this criteria. Under South Carolina law, the PCR court is required to make specific findings of fact and conclusions of law as to each issue raised in the PCR. See S.C. Code Ann. § 17-27-80 and Rule 52(a) SCRCP. <u>Bryson v. State</u>, 328 S.C. 236, 493 S.E.2d 500 (1997). Counsel is required to object to any deficiencies in the order of the PCR court. <u>McCullough v. State</u>, 320 S.C. 270, 464 S.E.2d 340 (1995). This duty falls on the PCR

---

[8] All appeals from the denial of a PCR application are made by seeking a writ of certiorari from the South Carolina Supreme Court. See SCACR 227.

applicant if not raised by counsel in the Johnson petition. See Pruitt v. State, 310 S.C. 254, 423 S.E.2d 127, 128 n.2 (1992) ("the general rule [is] that issues must be raised to, and ruled on by, the post-conviction judge to be preserved for appellate review."). See also, Padgett v. State, 324 S.C. 22, 484 S.E.2d 101 (1997) (issues not ruled on by PCR court are not preserved for appeal). Thus, when considering a Johnson petition, the South Carolina Supreme Court considers only those issues raised by the Johnson petition, raised in any pro se brief or petition filed by the applicant, and those issues specifically ruled on by the PCR court.

The undersigned concludes that the PCR court properly applied Strickland on this claim. As explained by the PCR court, the Anders procedure requires the reviewing appellate court to review the record for reversible error. Thus, all properly reserved claims were considered by the South Carolina Court of Appeals.

## Conclusion

Based on a review of the record, it is recommended that respondents' motion for summary judgment be granted, and the petition dismissed without an evidentiary hearing.

    Respectfully submitted,

    s/Joseph R. McCrorey
    United States Magistrate Judge

July 15, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).